

# Fourth Court of Appeals
## San Antonio, Texas

December 15, 2015

No. 04-15-00763-CR

Guadalupe **ORTIZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR8155
Honorable Melisa Skinner, Judge Presiding

# O R D E R

Guadalupe Ortiz entered into a plea bargain with the State, pursuant to which Ortiz pleaded nolo contendere to aggravated sexual assault of a child. As part of the plea bargain, Ortiz signed a separate "Waiver of Appeal" that states:

> I understand that upon my plea of guilty or nolo contendere, where the punishment does not exceed that recommended by the prosecutor and agreed to by me, my right to appeal will be limited to only: (1) those matters that were raised by written motion filed and ruled on before trial, or (2) other matters on which the trial court gives me permission to appeal. I understand that I have this limited right to appeal. However, as part of my plea bargain agreement in this case, I knowingly and voluntarily waive my right to appeal under (1) and (2) in exchange for the prosecutor's recommendation, provided that the punishment assessed by the court does not exceed our agreement.

The trial court imposed sentence in accordance with the agreement and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* Tex. R. App. P. 25.2(a)(2). Ortiz timely filed a notice of appeal. The clerk's record, which includes the trial court's rule 25.2(a)(2) certification and a written plea bargain agreement, has been filed. *See* Tex. R. App. P. 25.2(d). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.*

The clerk's record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See* Tex. R. App. P.

25.2(a)(2). The record also appears to support the trial court's certification that Ortiz does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate).

Ortiz is hereby given notice that this appeal will be dismissed pursuant to rule 25.2(d) of the Texas Rules of Appellate Procedure unless an amended certification showing that Ortiz has the right to appeal is made part of the appellate record by **January 5, 2016**. *See* Tex. R. App. P. 25.2(d); *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), disp. on merits, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication).

We order all appellate deadlines suspended until further order of the court. We further order the clerk of this court to serve copies of this order on the attorneys of record and the court reporter.


_____
Luz Elena D. Chapa, Justice


     IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 15th day of December, 2015.


_____
Keith E. Hottle
Clerk of Court